# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-10203
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VITO ANTHONY RIZZO

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-165-1

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Vito Anthony Rizzo appeals his sentence of 52 months of imprisonment after pleading guilty to conspiracy to possess stolen mail matter. Rizzo's plea agreement contains a waiver of his right to appeal his conviction and sentence with an exception for a claim of ineffective assistance of counsel. Rizzo argues that his trial counsel was ineffective for failing to raise certain objections to the application of the Sentencing Guidelines, thus falling within the exception to the plea waiver.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rizzo argues that trial counsel was ineffective for not objecting to a two-level increase in his offense level under U.S.S.G. § 2B1.1(b)(12)(A) for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from law enforcement officers. Rizzo argues that this two-level increase constitutes double counting of the two-level increase he also received for obstruction of justice under § 3C1.2. He also argues that the two-level increase is a misapplication of the Guidelines because § 2B1.1(b)(12)(A) applies only when it is the fraudulent offense itself that carries the risk of death or serious bodily injury. Rizzo contends that the increase was applied based on his attempt to elude apprehension and did not relate to his theft of mail offense. Rizzo argues that trial counsel's failure to make these objections fell below objective standards of practice and that prejudice resulted.

Rizzo's argument that counsel was ineffective for failing to object to the application of both § 3C1.2 and § 2B1.1(b)(12)(A) has no merit because the enhancements were based on two separate instances of flight, one on July 25, and one on August 10. See United States v. Gillyard, 261 F.3d 506, 509-12 (5th Cir. 2001) (holding that there was no double counting in applying § 3C1.2 and § 3A1.2(b) because they were based on separate acts).

The Government concedes that § 2B1.1(b)(12)(A) applies only when the risk of bodily injury results from the fraudulent offense conduct itself and not from events that happen while fleeing from the crime. The Government agrees that the risk of harm did not result from the offense but from Rizzo's escape from officers and that Rizzo should not have received the enhancement. Because we are remanding for re-sentencing on other grounds, we do not reach the Government's argument that Rizzo's claim of ineffective assistance must fail because he cannot show prejudice.

Rizzo argues that trial counsel's representation was deficient for failing to object to the addition of two criminal history points to his criminal history score for his 2004 deferred adjudication probation for misdemeanor assault under

2

§ 4A1.1(b). He argues that the probated sentence should have counted for one point under § 4A1.1(c). He contends that trial counsel's failure to object prejudiced him because one less point in his criminal history score would have reduced his category from IV to III.

The Government concedes that Rizzo's criminal history category was incorrectly calculated. We hereby vacate Rizzo's sentence and remand so that Rizzo can be resentenced.

SENTENCE VACATED AND CASE REMANDED FOR RE-SENTENCING.